**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

FRANK JAMES BLASINGAME                                    PLAINTIFF
ADC #140321

V.                                      NO: 5:13CV00348 BSM/HDY

DEBRA YORK *et al.*                                    DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge

Brian S. Miller.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Frank James Blasingame, an inmate who is currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on November 12, 2013, alleging that Defendants Debra York, Michael Person, Ojiugo M. Iko, and Wendy Kelley, have been deliberately indifferent to his medical needs with respect to his blisters on his feet, missed migraine medication, and temporomandibular disorder ("TMJ"). Kelley filed a motion for summary judgment, a statement of facts, and a brief in support, on August 1, 2014 (docket entries #26-#28). Iko, Person, and York, filed a motion for summary judgment, statement of facts, and brief in support on August 8, 2014 (docket entries #29-#31). On August 26, 2014, Plaintiff filed what has been docketed as a motion for summary judgment (docket entry #33). However, Plaintiff's filing is unaccompanied by a brief in support, or a statement of facts, and appears to be a response in opposition to Defendants' motions. Defendants have filed responses to Plaintiff's motion (docket entries #34 & #35).

2

# I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

# II.  Analysis

<u>Defendant Kelley</u>

Kelley asserts that she is entitled to summary judgment because she is not a medical provider, and Plaintiff named her only because of the supervisory position she holds.  Kelley's only role in the events at issue in this case was to respond to grievances.  Although Plaintiff is dissatisfied with the care he received, complaints about Kelley's response to his grievances is insufficient to sustain a claim under § 1983.  *See Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (noting that prison officials cannot substitute their judgment for medical professional's prescribed treatment); *DuBois v. Dooley*, 277 Fed.Appx. 651 (8th Cir. 2008) (unpublished per curiam)

(warden's only involvement was to respond to administrative remedy).  As discussed below, Iko was treating Plaintiff's foot problems, and Plaintiff's TMJ issues were addressed by a dentist (docket entry #28-1).  Although Kelley did note in a grievance response that Plaintiff missed two doses of headache medication in July of 2013 (docket entry #2, page #17), the issue had already been addressed by the medical staff.  Accordingly, Kelley is entitled to summary judgment.  *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).

Defendants York, Person, and Iko

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d at 1239.  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'"  *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919

4

F.2d 90, 93 (8th Cir. 1990)).

Person is a former Corizon Regional Medical Director for Arkansas, but he left that position on July 31, 2012 (docket entry #30-3, pages #1-#2).  Plaintiff conceded that if Person was not employed by Corizon in Arkansas between June 17, 2013, and November 13, 2013,  Person  should not be a Defendant (docket entry #30-2, pages #26 & #27).  Because Person was not employed during the relevant time frame, Plaintiff's claims against him should be dismissed.

York never actually treated Plaintiff, and was named as a Defendant simply because of her administrative position and because she answered his grievances (docket entry #30-2, pages #45-#46).  As discussed above, such allegations cannot establish a claim under § 1983.  York is therefore entitled to summary judgment.[1]

Iko is a physician who treated Plaintiff three times for his complaints of blisters on his feet, allegedly caused by the canvas shoes provided by the ADC.  The first exam, on July 22, 2013, was unremarkable, and Iko found no need for a medically prescribed shoe (docket entry #30-1, page #14).  Plaintiff conceded that he had no blisters when he saw Iko on July 22, 2013 (docket entry #30-2, pages #41-#42).  Iko saw Plaintiff again on September 23, 2013, for foot blisters.  The exam was again normal, with superficial abrasions on both Achilles tendons and the fifth digits.  Although Iko found no need for medically prescribed shoes,  she did state that Plaintiff could be provided a size nine Brogan boot, and she also provided him with a triple antibiotic ointment for the abrasions

---

[1]To the extent that Plaintiff seeks to hold York liable for the two or three days of missed medication, the claim should be dismissed because such a delay does not amount to a constitutional violation.  *See Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006)(negligence resulting in one month delay in treating fractured finger did not rise to a constitutional violation); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009) (constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish).

(docket entry #30-1, page #44).  Plaintiff saw Iko for the final time on October 21, 2013.  Iko noted

that the suggested boots had not been provided, concluded there was still no need for a medically

prescribed shoe, and again requested that a Brogan boot be provided to Plaintiff (docket entry #30-1,

page #55).  Thus, although Iko may not have implemented Plaintiff's preferred course of treatment,

she did not ignore his medical needs.  Additionally, Robert Floss, M.D., stated in an affidavit that

Plaintiff's care was appropriate, and that Plaintiff could have utilized other footwear available to him

to minimize any problem with abrasions caused by the canvas shoes (docket entry #30-3).[2]  In

response, Plaintiff has provided no medical evidence to suggest the care provided by Iko was

inadequate.  Accordingly, Iko is entitled to summary judgment.  *See Dulany v. Carnahan*, 132 F.3d

at 1240 (In the face of medical records indicating that treatment was provided, and physician

affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact

by merely stating that he does not believe he received adequate treatment).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motions for summary judgment (docket entries #26 & #29) be

GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      Plaintiff's motion for summary judgment (docket entry #33) be DENIED.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

---

[2]Plaintiff's testimony indicates he had the canvas shoes, flip flops, a worn pair of tennis shoes, and another pair of tennis shoes which was held with his property and not available until he achieved the proper classification level to have access to his property (docket entry #30-2, pages #35-#38).

DATED this __18__ day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE